CLERK'S COPY
FILED
AT ALBUQUERQUE NM
JUN 10 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LILLIAN V. SCILLEY MANLEY,
KENNETH ROBERT MANLEY,

    Plaintiffs,

v.    No. CIV-99-0572 LH/KBM

CIBOLA COUNTY CORRECTIONAL
CENTER JAIL,
STATE OF NEW MEXICO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiffs' civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiffs are incarcerated, appear pro se, and have moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted, and for the reasons below, Plaintiffs' complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiffs were arrested in Kansas on a New Mexico warrant.

Plaintiffs were returned to New Mexico and confined in the detention center on April 2, 1999. Certain of Plaintiffs' personal property was missing at the time of their return to New Mexico, and other property has been taken subsequently. After Plaintiffs were arraigned, the state court allegedly ordered that they be released on their own recognizance, and, furthermore, a *nolle prosequi* was filed. Plaintiffs claim the detention Center illegally refuses to release them from custody in spite of these events in the state criminal proceeding. The complaint seeks damages and an order enforcing the state court's release order and requiring return of the confiscated property.

Insofar as Plaintiffs' complaint challenges the "fact or length of [their] confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), their sole federal remedy is by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.* Plaintiffs' claim for an order of release is thus liberally construed as a petition for writ of habeas corpus. *See Haines v. Kerner*, 404 U.S. 519, 520-21(1972) (pro se pleadings must be liberally construed); *Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987) (construing § 1983 complaint as § 2241 petition); *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (plaintiff's pro se characterization of his claims as arising under § 1983 is not dispositive). The complaint is properly construed under 28 U.S.C. § 2254 even though it does not attack a conviction or sentence. *Giles v. Merrill*, 322 F.2d 786 (10th Cir. 1963); *see Beshaw v. Fenton*, 635 F.2d 239, 241 n.2 (3rd Cir. 1980) (§ 2254 is proper statutory basis for petition brought by state prisoner challenging transfer).

Plaintiffs' claims for release from detention must be presented first to the state courts. "A basic prerequisite for federal habeas relief is that the prisoner exhaust state remedies or show them to be inadequate and ineffective to protect his rights." *Trigg v. Moseley*, 433 F.2d 364, 366 (10th Cir. 1970). The exhaustion requirement is "based on principles of comity; exhaustion is not jurisdictional." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Under § 2254(b)(1)(A), exhaustion is expressly

required before the writ may issue, even if the petition does not directly challenge the conviction or sentence. *Giles,* 322 F.2d at 787; *Beshaw,* 635 F.2d at 241 n.2; *Steele v. Young,* 11 F.3d 1518, 1523 (10th Cir. 1993) (claim of " 'systematic scheme' " in state courts to deny due process "could have, and should have, [been] brought...in state court"); *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490-91 (1973) (exhaustion is precondition to relief under § 2241 in extradition or pre-conviction proceeding); *and cf. United States ex rel. Sero v. Preiser,* 506 F.2d 1115, 1130 (2d Cir. 1974) (exhaustion requirement applies in class action habeas proceeding challenging substantive juvenile sentencing provisions). Whether the complaint raises exclusively state or federal issues, such questions must be submitted first to the state courts. *Giles,* 322 F.2d at 786-87; *Beshaw,* 635 F.2d at 241 n.2; *Steele,* 11 F.3d at 1523; *Coleman v. Thompson,* 501 U.S. 722, 731 (1991) ("States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.").

Under § 2254(b)(1)(B)(i), exhaustion may be excused if no state remedies are available to a habeas petitioner. "If the state has no court to which he can turn, the provisions of 28 U.S.C. § 2254 do not deprive him of federal habeas corpus." *Ryan v. Tinsley,* 316 F.2d 430, 431 (10th Cir. 1963). Plaintiffs do not allege, however, that they have pursued state remedies, and " '[i]neffectiveness' of state relief cannot be established if no attempt is made to obtain that relief." *Whiteley v. Meacham,* 416 F.2d 36, 39 (10th Cir. 1969) (quoting *Morehead v. California,* 339 F.2d 170, 171 (9th Cir. 1964)), *rev'd on other grounds sub nom. Whiteley v. Warden,* 401 U.S. 560 (1971). The Court will not presume that the state courts of New Mexico are unavailable or incompetent to adjudicate Plaintiffs' habeas corpus claims. *Steele,* 11 F.3d at 1523. Plaintiffs have not exhausted their state court remedies, and their habeas claims will be dismissed without prejudice.

Plaintiffs also seek damages for their wrongful detention. This claim is barred under a rule announced in *Heck v. Humphrey,* 512 U.S. 477, 481-82 (1994), where the Supreme Court held that a

3

person may not challenge the constitutionality of a conviction in a suit for damages under 42 U.S.C. § 1983 if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." By analogy, under *Heck* Plaintiffs may not seek damages for their allegedly wrongful detention unless and until the detention has been terminated by order of an appropriate court. *See id.* at 486-87.

The remaining claim for return of property is barred by the Supreme Court's holdings in *Parratt v. Taylor*, 451 U.S. 527, 538-39 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 534 (1984), which addressed the elements necessary to sustain a claim that a state has deprived an inmate of property without due process. In *Parratt* and *Hudson*, the Supreme Court held that where a pre-deprivation hearing was impossible or impractical because the state could not control the random actions of state employees in losing or destroying property, the deprivation of property was not complete until the state failed or refused to provide an adequate post-deprivation remedy. Here, as in *Hudson*, 468 U.S. at 534, state tort remedies are available to redress the deprivation, and thus due process was not violated even if the deprivation was intentional. The complaint will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiffs' motion for leave to proceed in forma pauperis is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiffs' complaint is DISMISSED without prejudice; an order of dismissal shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE